### CENTRAL ILLINOIS COAL CO.
### v.
### MARSHALL FIELD ET AL.

PRACTICE.—In a suit upon an account for the recovery of money where the defendant suffers default for the want of an affidavit of merits, and at defendant's request a jury is called to assess the plaintiff's damages, the affidavit filed with the declaration is competent evidence under section 37 of the Practice Act to prove the amount due upon such account.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding. Opinion filed December 16, 1885.

Mr. FREDERIC ULLMANN, for appellant.

Mr. FRANK P. LEFFINGWELL, for appellees.

PER CURIAM. This was an action of assumpsit, brought by Marshall Field and others against the Central Illinois Coal Company, in the Superior Court of Cook county, to recover upon an open account for merchandise sold and delivered. With the declaration, which consisted only of the common

money counts, the plaintiffs filed an affidavit, in the usual form, showing the nature of their demand, and the amount due them from the defendant, after allowing to it all its just credits, deductions and set-offs, as provided by section 36 of the act in regard to practice in courts of record. The defendant was served with process in Cook county, and afterward appeared and filed pleas in bar, but failed to file with its pleas an affidavit of any defense to the whole or any part of the plaintiffs' demand. Thereupon, on motion of the plaintiffs, said pleas were stricken from the files and the defendant's default entered for want of such affidavit.

On the assessment of damages, the defendant asked for a jury, which was granted, and a jury being impaneled to assess the damages, the plaintiffs were permitted, against the objection of the defendant, to read in evidence to the jury the affidavit filed with their declaration, and no other evidence being offered, the jury assessed the plaintiffs' damages at the amount shown by said affidavit to be due, and for that sum and costs the plaintiffs had judgment.

It is urged that the admission of the affidavit in evidence was error, and that is the only ground now urged for a reversal of the judgment. It is not claimed that the affidavit was not in all respects in compliance with the requirements of the statute, nor is it pretended that either party sought to introduce any evidence to either corroborate or contradict it. The case then rests solely upon the effect to be given to the provision of section 37 of the Practice Act, that the affidavit filed with the declaration may be taken as *prima facie* evidence of the amount due upon the account.

Counsel seek to limit the application of this provision to cases of *ex parte* assessments of damages by the court, and urge that it should not be applied to cases where the defendant appears and avails himself of his right to have the damages assessed by a jury. We are referred to no authority which so holds, and no course of reasoning has been developed possessing, in our judgment, even the merit of plausibility, which could justify such restricted construction. The statute by its terms embraces all cases of suits upon accounts where

the defendant suffers a default, and applies as well to assessments by a jury as by the court. We think there was no error in permitting the affidavit to be read in evidence to the jury, and that it furnished such *prima facie* proof of the damages as warranted the jury in assessing them at the sum therein specified. The judgment will be affirmed.

Judgment affirmed.